FILED by GME D.C.

JUL 27 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| SIPCO, LLC, | ) CIVIL ACTION FILE |
| Plaintiff, | ) |
| vs. | ) |
| FLORIDA POWER & LIGHT COMPANY, and FPL GROUP, INC., | ) NO. **09-22209** |
| Defendants. | ) |
| | ) **JURY TRIAL DEMANDED** |

CIV-MORENO

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SIPCO, LLC ("SIPCO") hereby makes this Complaint against defendants FLORIDA POWER & LIGHT COMPANY and FPL GROUP, INC. (collectively "FPL"), and respectfully shows the Court as follows:

### PARTIES

1.   Plaintiff SIPCO is a Georgia limited liability corporation. SIPCO's principal place of business is in Atlanta, Georgia.

2. Defendant FLORIDA POWER & LIGHT COMPANY is a Florida Profit Corporation, having its principal place of business at 700 Universe Boulevard, Juno Beach, Florida 33408.

3. Defendant FPL GROUP, INC. is a Florida Profit Corporation, having its principal place of business at 700 Universe Boulevard, Juno Beach, Florida 33408.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over FLORIDA POWER & LIGHT COMPANY. FLORIDA POWER & LIGHT COMPANY is a Florida corporation, headquartered in Florida, regularly conducts business in the State of Florida and is subject to the jurisdiction of this Court. FLORIDA POWER & LIGHT COMPANY has been and is doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere

in the United States. FLORIDA POWER & LIGHT COMPANY can be served with process through its registered agent, J. E. Leon, 9250 W. Flagler Street, Miami, Florida 33174.

7. This Court has personal jurisdiction over FPL GROUP, INC. FPL GROUP, INC. is a Florida corporation, headquartered in Florida, regularly conducts business in the State of Florida and is subject to the jurisdiction of this Court. FPL GROUP, INC. has been and is doing business in this judicial district by manufacturing, distributing, marketing, using, selling and/or offering for sale its products including, but not limited to, products that practice the subject matter claimed in the patent involved in this action, in this judicial district and elsewhere in the United States. FPL GROUP, INC. can be served with process through its registered agent, J. E. Leon, 9250 W. Flagler Street, Miami, Florida 33174.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendants are headquartered in this District, have done business in this District, committed acts of infringement in this District, and continue to commit acts of infringement in this District, all of which entitle SIPCO to relief.

## PATENTS-IN-SUIT

9. SIPCO restates and realleges the allegations set forth in paragraphs 1 through 8 of this Complaint and incorporates them by reference.

10. U.S. Patent No. 6,437,692 (the "'692 Patent"), entitled "System And Method For Monitoring And Controlling Remote Devices," was duly and legally issued on August 20, 2002 by the U.S. Patent and Trademark Office to StatSignal Systems, Inc., the assignee of the named inventors T. David Petite and Richard M. Huff. A true and correct copy of the '692 Patent is attached hereto as Exhibit A.

11. U.S. Patent No. 7,053,767 (the "'767 Patent"), entitled "System And Method For Monitoring And Controlling Remote Devices," was duly and legally issued on May 30, 2006 by the U.S. Patent and Trademark Office to StatSignal Systems, Inc., the assignee of the named inventors T. David Petite and Richard M. Huff. A true and correct copy of the '767 Patent is attached hereto as Exhibit B.

12. U.S. Patent No. 7,468,661 (the "'661 Patent"), entitled "System And Method For Monitoring And Controlling Remote Devices," was duly and legally issued on December 23, 2008 by the U.S. Patent and Trademark Office to Hunt Technologies, Inc., the assignee of the named inventors T. David Petite and Richard M. Huff. A true and correct copy of the '661 Patent is attached hereto as Exhibit C.

13. SIPCO is the sole owner of the entire right, title, and interest in the '692 Patent, the '767 Patent, and the '661 Patent (collectively, the "Patents-in-Suit") by virtue of assignment, including all rights necessary to prosecute this case

and collect all damages, past, present and future, resulting from Defendants' infringement.

14. T. David Petite, the President of Plaintiff SIPCO, is one of two co-inventors of the technologies embodied in the Patents-in-Suit. Mr. Petite is a pioneer in the field of wireless technology, and his inventions are widely deployed in a variety of products and networks throughout the United States.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,437,692

15. SIPCO restates and realleges the allegations set forth in paragraphs 1 through 14 of this Complaint and incorporates them by reference.

16. Defendants have infringed and continue to infringe one or more claims of the '692 Patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products and services that consist of, employ and/or incorporate infringing wireless network products and services, including without limitation wireless network technology similar to that found in its Smart Grid system, known in part as the Energy Smart Miami ("ESM") initiative, and components thereof, in violation of 35 U.S.C. § 271. In particular, the infringing systems and components include, without

limitation, wireless network technology found in the utility meters, applications and control systems, wireless communications protocols, devices, network interface cards, computer devices, enabling software, data collection and processing, and associated communications platforms, gateways, and controls.

17. The acts of infringement of the '692 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of SIPCO's exclusive rights under the '692 Patent by Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

18. The Defendants, and each of them, have had actual or constructive knowledge of the '692 Patent, yet each of them continues to infringe said patent. The infringement of the '692 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,053,767

19.  SIPCO restates and realleges the allegations set forth in paragraphs 1 through 18 of this Complaint and incorporates them by reference.

20.  Defendants have infringed and continue to infringe one or more claims of the '767 Patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products and services that consist of, employ and/or incorporate infringing wireless network products and services, including without limitation wireless network technology similar to that found in its Smart Grid system, known in part as the Energy Smart Miami ("ESM") initiative, and components thereof, in violation of 35 U.S.C. § 271. In particular, the infringing systems and components include, without limitation, wireless network technology found in the utility meters, applications and control systems, wireless communications protocols, devices, network interface cards, computer devices, enabling software, data collection and processing, and associated communications platforms, gateways, and controls.

21.  The acts of infringement of the '767 Patent by the Defendants, and each of them, have caused damage to SIPCO, and SIPCO is entitled to recover

from the Defendants, and each of them, the damages sustained by SIPCO as a result of Defendant's wrongful acts in an amount subject to proof at trial. The infringement of SIPCO's exclusive rights under the '767 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

22.  The Defendants, and each of them, have had actual or constructive knowledge of the '767 Patent, yet each of them continues to infringe said patent. The infringement of the '767 Patent by the Defendants, and each of them, is willful and deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 7,468,661

23.  SIPCO restates and realleges the allegations set forth in paragraphs 1 through 22 of this Complaint and incorporates them by reference.

24.  Defendants have infringed and continue to infringe one or more claims of the '661 Patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products and services that consist of, employ and/or incorporate infringing wireless network

products and services, including without limitation wireless network technology similar to that found in its Smart Grid system, known in part as the Energy Smart Miami ("ESM") initiative, and components thereof, in violation of 35 U.S.C. § 271. In particular, the infringing systems and components include, without limitation, wireless network technology found in the utility meters, applications and control systems, wireless communications protocols, devices, network interface cards, computer devices, enabling software, data collection and processing, and associated communications platforms, gateways, and controls.

25.  The acts of infringement of the '661 Patent by the Defendants, and each of them, has caused damage to SIPCO, and SIPCO is entitled to recover from the Defendants, and each of them, the damages sustained by SIPCO as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of SIPCO's exclusive rights under the '661 Patent by the Defendants, and each of them, will continue to damage SIPCO, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

26.  The Defendants, and each of them, have had actual or constructive knowledge of the '661 Patent, yet continues to infringe said patent. The infringement of the '661 Patent by the Defendants, and each of them, is willful and

deliberate, entitling SIPCO to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants:

A. A judgment that Defendants, and each of them, have directly infringed the '692 Patent, contributorily infringed the '692 Patent, and/or induced infringement of the '692 Patent;

B. A judgment that Defendants, and each of them, have directly infringed the '767 Patent, contributorily infringed the '767 Patent, and/or induced infringement of the '767 Patent;

C. A judgment that Defendants, and each of them, have directly infringed the '661 Patent, contributorily infringed the '661 Patent, and/or induced infringement of the '661 Patent;

D. An award of all damages recoverable under the laws of the United States and the laws of the State of Florida in an amount to be proven at trial;

E. An award of treble damages against Defendants, and each of them, as a result of Defendant's willful infringement;

F. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents,

servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '692 Patent, as set forth herein;

  G. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '767 Patent, as set forth herein;

  H. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '661 Patent, as set forth herein;

  I. A judgment and order requiring Defendants, and each of them, to pay Plaintiff pre-judgment and post-judgment interest on the full amounts of the damages awarded;

  J. A judgment requiring Defendants, and each of them, to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

K.  Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 27th day of July, 2009.

                COUGHLIN STOIA GELLER
                  RUDMAN & ROBBINS LLP

                /s/ David J. George
                David George
                (Florida Bar No. 898570)
                Robert Robbins
                (Florida Bar No. 572233)

                120 East Palmetto Park Road
                Suite 500
                Boca Raton, FL 33432
                (561) 750-3000 (telephone)
                (561) 750-3364 (facsimile)
                dgeorge@csgrr.com
                rrobbins@csgrr.com

John C. Herman
Ryan K. Walsh
E. Joseph Benz III
Jason S. Jackson
**Coughlin Stoia Geller**
  **Rudman & Robbins, LLP**
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@csgrr.com
rwalsh@csgrr.com
jbenz@csgrr.com
jjackson@csgrr.com

Attorneys for Plaintiff
SIPCO, LLC

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED by GME D.C.

**09-22209**

### I. (a) PLAINTIFFS
SIPCO, LLC

### DEFENDANTS
Florida Power & Light Company and FPL Group, Inc.

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

**(b)** County of Residence of First Listed Plaintiff: Fulton County, Georgia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Palm Beach County, Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John C. Herman
Coughlin Stoia Geller Rudman & Robbins, LLP
3424 Peachtree Road NE, Suite 1650 Atlanta, GA 30326

Attorneys (If Known)

CIV-MORENO / TORRES

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE / HIGHLANDS

09cv22209-Moreno/TORRES

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ✗ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO      b) Related Cases ☐ YES ☐ NO
JUDGE                               DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
35 U.S.C. 271 (Patent Infringement)

LENGTH OF TRIAL via __10__ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE: July 24, 2009

**FOR OFFICE USE ONLY**
AMOUNT 350      RECEIPT # 1005377      IFP